**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Todd, | CV 12-00129-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Manhattan Mortgage Corp.; Chase Home Finance LLC; Chase Fulfillment Services; Cal-Western Reconveyance Corp.; United States Department of Housing and Urban Development; PK Management Group Inc.; Secretary of Housing and Urban Development; Unknown Parties, | |
| Defendants. | |

The court has before it plaintiff's motion requesting status of temporary restraining order (doc. 10) and motion for a temporary restraining order ("TRO") (doc. 11).

Plaintiff originally filed this action on January 20, 2012. We denied plaintiff's request for a TRO for failure to satisfy the conditions of Rule 65(b)(1), Fed. R. Civ. P. for issuing a TRO without notice (doc. 4). Plaintiff filed her amended complaint on April 20, 2012 (doc. 6). Plaintiff alleges two counts for (1) quiet title and (2) breach of contract arising from the sale of her home at a Trustee's Sale.

Plaintiff's motion for TRO reads in its entirety "[m]otion for relief and issue [sic] of Temporary Restraining order to be effective immediately." Mot. for TRO at 1. There is no indication that defendants have been provided notice. The motion does not satisfy the

1  requirements for issuance of a TRO without notice.  It does not include "specific facts in an
2  affidavit or a verified complaint" that "clearly show that immediate and irreparable injury,
3  loss, or damage will result to the movant" before defendants can be heard, and does not
4  certify "in writing any efforts made to give notice and the reasons why it should not be
5  required." Fed. R. Civ. P. 65(b)(1).  Although plaintiff's amended complaint states that she
6  attempted to confer with an attorney regarding the TRO request made within the complaint,
7  an email from the attorney submitted by plaintiff indicated that he has not been retained by
8  defendants in this action.

9  Moreover, even if the requirements of Rule 65(b)(1) were satisfied, plaintiff has not
10 met the standards required for issuance of a TRO.  To obtain preliminary injunctive relief,
11 plaintiff must show that (1) she is "likely to succeed on the merits," (2) she is "likely to suffer
12 irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [her]
13 favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council,
14 Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).  Plaintiff's one page motion does not provide
15 us with any details that would permit even an evaluation of whether issuance of a TRO is
16 warranted under this standard.

17 Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for a temporary
18 restraining order (doc. 11).  **IT IS FURTHER ORDERED DENYING** plaintiff's motion
19 requesting status of temporary restraining order on grounds of mootness (doc. 10).

20 We again urge plaintiff to seek the advice of a lawyer.  Only a lawyer can properly
21 evaluate plaintiff's position and take whatever steps may be necessary to protect plaintiff's
22 interests.

23 DATED this 25th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -