**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Todd,<br><br>              Plaintiff,<br><br>vs.<br><br>Chase Manhattan Mortgage Corp.; Chase Home Finance LLC; Chase Fulfillment Services; Cal-Western Reconveyance Corp.; United States Department of Housing and Urban Development; PK Management Group Inc.; Secretary of Housing and Urban Development; Unknown Parties,<br><br>              Defendants. | CV 12-00129-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's renewed motion for temporary restraining order ("TRO") (doc. 13) and memorandum in support of her motion for TRO (doc. 14). We ordered plaintiff to serve the TRO on defendants, and ordered defendants to respond no later than May 14, 2012 (doc. 17). Defendants JP Morgan Chase Bank, N.A. (successor by merger to Chase Home Finance LLC) (doc. 22) and PK Management Group (doc. 21) responded, and plaintiff replied (doc. 23).[1]

In November 2002, plaintiff signed a Deed of Trust in connection with her purchase of a home in Chandler, Arizona. The Deed of Trust, which identifies plaintiff as borrower

---

[1] Chase, which states that it has not yet been served with the complaint, makes a limited appearance to respond to the TRO.

1   and Fidelity & Trust Mortgage, Inc. as lender, states that plaintiff owes lender $147,175. The
2   Deed of Trust further provides that "[t]his debt is evidenced by Borrower's note dated the
3   same date as this Security Instrument." Compl., ex. B at 1 (doc. 6).

4       Plaintiff's home was sold at a Trustee's Sale on June 28, 2010. A Trustee's Deed Upon
5   Sale was executed and recorded, which identifies the purchaser as Chase Manhattan
6   Mortgage Corp., its successors and assigns. Compl., ex. D. On April 19, 2012, a "notice of
7   foreclosure" letter was posted on plaintiff's door. Plaintiff was informed that "PK
8   Management Group has become the owner. . . pursuant to a foreclosure sale." Compl., ex.
9   E at 1. Plaintiff was given five days to vacate the premises.

10      This action was filed on January 20, 2012. The amended complaint asserts claims for
11  (1) quiet title and (2) breach of contract. This is plaintiff's third attempt at a TRO. We
12  denied plaintiff's first motion because she failed to give notice and failed to satisfy Rule
13  65(b)(1), Fed. R. Civ. P. (doc. 4). We denied plaintiff's second motion, both for failure to
14  satisfy Rule 65(b)(1), Fed. R. Civ. P. and because plaintiff's one page motion did not
15  establish her entitlement to relief under Winter v. Natural Res. Def. Council, Inc., 555 U.S.
16  7, 129 S. Ct. 365 (2008) (doc. 12). Despite plaintiff's effort, her latest TRO attempt also fails
17  to show that she is entitled to injunctive relief.

18      Preliminary injunctive relief is "an extraordinary remedy." Winter, 555 U.S. at 24,
19  129 S. Ct. at 376. To obtain it, plaintiff must show that (1) she is "likely to succeed on the
20  merits," (2) she is "likely to suffer irreparable harm in the absence of preliminary relief," (3)
21  "the balance of equities tips in [her] favor," and (4) "an injunction is in the public interest."
22  Id. at 20, 129 S. Ct. at 374. Plaintiff is not likely to succeed on the merits on her quiet title
23  claim. Quiet title is not an available remedy to a homeowner unless she has paid off the loan
24  or shown that she is ready and able to do so. See Farrell v. West, 57 Ariz. 490, 491, 114 P.2d
25  910, 911 (1941); Reader v. BAC Home Loan Servicing LP, CV-11-02461-PHX-FJM, 2012
26  WL 125977, at *4 (D. Ariz. Jan. 17, 2012) (same). Plaintiff has not alleged that she either
27  paid off the loan or is ready to do so. Plaintiff argues that she is not subject to this

28

1 requirement because she never signed a negotiable instrument that encumbered her property, 2 and claims that the Deed of Trust only secures an "alleged loan." Reply at 5. This argument 3 is directly contradicted by the Deed of Trust itself, which expressly states that plaintiff owes 4 $147,175, debt that "is evidenced by Borrower's note dated the same date as this Security 5 Instrument." Compl., ex. B at 1. By signing the Deed of Trust, plaintiff "accept[ed] and 6 agree[d] to the terms contained" within the document. Id. at 5; see also Cervantes v. 7 Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011) ("By signing the deeds 8 of trust, the plaintiffs agreed to the terms and were on notice of the contents."). To the extent 9 that plaintiff is arguing the sale is void because no assignment of the Deed of Trust was 10 recorded, this argument has been squarely rejected by the Arizona Supreme Court. In re 11 Vasquez, 228 Ariz. 357, __, 266 P.3d 1053, 1055 (2011) (no requirement that an assignment 12 of a deed of trust be recorded).

13 Plaintiff is not entitled to injunctive relief on the breach of contract claim because the 14 relief available for a breach of contract - money damages - is an adequate remedy at law. 15 The harm, in other words, is not irreparable. See Rent-A-Center, Inc. v. Canyon Television 16 & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("economic injury alone" is not 17 irreparable).

18 Finally, the balance of equities and consideration of the public interest tip strongly in 19 favor of defendants. Although plaintiff will undoubtedly suffer a personal loss if she is 20 finally evicted from her home, she admits that she has been living in a home that was sold 21 at a Trustee's Sale nearly two years ago. The public interest is not served by further delaying 22 the transfer of property sold in 2010.

23 Accordingly, **IT IS ORDERED DENYING** plaintiff's renewed motion for temporary 24 restraining order (doc. 13).

25 DATED this 24th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -