**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Todd, | CV 12-00129-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Manhattan Mortgage Corp.; Chase Home Finance LLC; Chase Fulfillment Services; Cal-Western Reconveyance Corp.; United States Department of Housing and Urban Development; PK Management Group Inc.; Secretary of Housing and Urban Development; Unknown Parties, | |
| Defendants. | |

The court has before it PK Management Group's ("PK Management") motion to dismiss (doc. 21), plaintiff's response (doc. 23), and PK Management's reply (doc. 32). In addition, we have plaintiff's motion for 30 days additional time to serve defendants Chase Manhattan Mortgage Corporation ("Chase Manhattan") and Chase Home Finance LLC ("Chase Home") (doc. 31).[1]

**I**

Plaintiff signed a Deed of Trust in November 2002, agreeing that she owed lender

---

[1] Plaintiff's motion was filed on May 21, 2012, but was not docketed until May 25, 2012.

1  Fidelity & Trust Mortgage, Inc. $147,175. Compl., ex. B (doc. 6). Her home was purchased
2  at a Trustee's Sale on June 28, 2010. A Trustee's Deed Upon Sale, recorded soon after,
3  identifies the purchaser as Chase Manhattan, its successors and assigns. Compl., ex. D. A
4  notice of foreclosure letter was posted on plaintiff's door in April, 2012. The letter states that
5  "PK Management Group has become the owner. . . pursuant to a foreclosure sale." Compl.,
6  ex. E at 1. Plaintiff was given five days to vacate the premises.

7  This action was originally filed on January 20, 2012. Plaintiff amended the complaint
8  on April 20, 2012 (doc. 6). Plaintiff asserts claims for (1) quiet title and (2) breach of
9  contract.

**II**

11  Only plaintiff's quiet title claim is asserted against all defendants.[2] Quiet title is not
12  an available remedy unless a homeowner has either paid off the loan or shown that she is
13  ready and able to do so. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941); see
14  also Wilkinson v. Wells Fargo Bank, N.A., CV-11-02467-PHX-DGC, 2012 WL 1880610,
15  at *3 (D. Ariz. May 22, 2012) (same). Plaintiff has not alleged that she either paid off the
16  loan or is ready to do so. Instead, she argues that this requirement is inapplicable because
17  she never signed a negotiable instrument that encumbered the property, and alleges that the
18  Deed of Trust secures an "alleged loan." Response at 5.

19  Although we must accept a plaintiff's well-pled allegations as true, we need not accept
20  the truth of conclusory allegations which are directly contradicted by documents attached to
21  the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 990 (9th Cir. 2001).
22  Such is the case here. The Deed of Trust expressly states that plaintiff borrowed $147,175,
23  debt that "is evidenced by Borrower's note dated the same date as this Security Instrument."
24  Compl., ex. B at 1. Plaintiff "accept[ed] and agree[d] to the terms contained" within when

---

[2] Plaintiff's breach of contract claim is only asserted against Chase Manhattan, Chase Home, and Chase Fulfillment Services. Accordingly, we do not address the merits here.

- 2 -

1 she signed the Deed of Trust. Id. at 5; see also Cervantes v. Countrywide Home Loans, Inc.,
2 656 F.3d 1034, 1042 (9th Cir. 2011) (signing the Deed of Trust signified that plaintiffs both
3 knew of and agreed to its terms). Accordingly, plaintiff fails to state a quiet title claim.

4 To the extent that plaintiff is attempting to allege a claim for wrongful foreclosure,
5 this is not yet a recognized cause of action in Arizona. Cervantes, 656 F.3d at 1043. And
6 plaintiff is not entitled to its creation, because a plaintiff choosing the federal forum is "not
7 entitled to trailblazing initiatives" under that state's law. Id. (citation omitted).

8 Whether or not the remaining defendants have been properly served with the amended
9 complaint, the legal result on the quiet title claim as to these defendants would be the same.
10 Accordingly, the quiet title claim is dismissed against all defendants. See Abagninin v.
11 AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

## III

13 On April 20, 2012, plaintiff attempted to send the summons and amended complaint
14 to companies authorized to accept service on behalf of Chase Manhattan and Chase Home
15 via Federal Express. She states that although she got the address correct, she inadvertently
16 listed the wrong recipient on the envelopes. Plaintiff avers that defendants claim that they
17 did not receive the packages.

18 Under Rule 4(m), Fed. R. Civ. P., we must extend the time for service if a plaintiff has
19 good cause for failure to timely serve. We may, but are not required to, extend the time for
20 service in the absence of good cause. De Tie v. Orange County, 152 F.3d 1109, 1111 n.5
21 (9th Cir. 1998). Here, plaintiff has not shown good cause for an extension of service.
22 Plaintiff does not discuss any other attempts to timely serve these defendants. Indeed, with
23 respect to Chase Manhattan, the registered agent sent plaintiff a letter (and provided the court
24 with a copy) dated May 3, 2012, indicating that Chase Manhattan is no longer in business,
25 so the agent can no longer accept service on its behalf (doc. 20). Moreover, plaintiff filed
26 her motion to extend the time for service after the service deadline expired.

27 Despite the lack of good cause, we conclude that a brief extension of service should

be granted. In particular, we are mindful of the potential for the statute of limitations to permanently foreclose plaintiff's breach of contract claim (if it is not already foreclosed) should we dismiss the breach of contract claim without prejudice. However, we will shorten the extension to fifteen rather than thirty days. No further extensions of time to complete service will be granted.

## IV

**IT IS ORDERED GRANTING IN PART** plaintiff's motion for 30 days additional time to serve defendants Chase Manhattan Mortgage Corporation and Chase Home Finance LLC (doc. 31). Plaintiff shall have up to and including fifteen days from the date of this order to serve a copy of the summons and amended complaint on Chase Manhattan Mortgage Corporation and Chase Home Finance LLC.

**IT IS ORDERED GRANTING** PK Management Group's motion to dismiss (doc. 21). The quiet title claim is dismissed against defendants Chase Manhattan Mortgage Corporation, Chase Home Finance LLC, and Chase Fulfillment Services. The action is dismissed in its entirety against all remaining defendants.

At this stage, only the breach of contract claim against Chase Manhattan Mortgage Corporation, Chase Home Finance LLC, and Chase Fulfillment Services remains.

DATED this 31st day of May, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -