**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Todd, | CV 12-00129-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Manhattan Mortgage Corp.; Chase Home Finance LLC; Chase Fulfillment Services, | |
| Defendants. | |

The court has before it defendants Chase Manhattan Mortgage Corp. and Chase Home Finance LLC's ("the Chase defendants") motion to dismiss (doc. 36), plaintiff's response (doc. 41), and defendants' reply (doc. 43).

In November 2002, plaintiff agreed to repay her lender $147,175 by signing a deed of trust. Her home was purchased at a Trustee's Sale on June 28, 2010 by Chase Manhattan, its successors and assigns. This action was originally filed on January 20, 2012. Plaintiff amended the complaint on April 20, 2012, asserting claims for quiet title and breach of contract (doc. 6). At this point, only the breach of contract claim against the Chase defendants and Chase Fulfillment Services remains (see doc. 33).[1]

---

[1] JPMorgan Chase Bank, N.A. is the successor by merger to Chase Home Finance LLC. Its relationship to Chase Manhattan Mortgage Corp. is unclear. For ease of reference, we will refer to the moving defendants as "the Chase defendants."

1  The parties dispute whether the breach of contract claim is waived under A.R.S. § 33-811(C) due to plaintiff's failure to secure injunctive relief prior to the Trustee's Sale. We need not decide that question today, because even if the claim was not waived, we agree with the Chase defendants that the claim fails to satisfy Iqbal. For plaintiff to prevail, she must show the existence of a contract, its breach, and damage. Frank Lloyd Wright Found. v. Kroeter, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010). Plaintiff alleges that she entered into "a written contract under the Making Home Affordable Program," Compl. ¶ 73, "[d]efendants breached the contract by foreclosing." Compl. ¶ 75, and she sustained damages. Compl. ¶ 76. The contract allegedly breached was a loan modification agreement. Compl. ¶ 54. Plaintiff, however did not point to any particular contractual language that was breached. Without any details concerning the agreement, plaintiff's formulaic presentation of the elements is insufficient to state a plausible breach of contract claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("formulaic recitation" of elements and naked factual assertions insufficient) (citation omitted); Silving v. Wells Fargo Bank, N.A., CV-11-0676-PHX-DGC, 2012 WL 135989, at *9 (D. Ariz. Jan. 18, 2012) (dismissing breach of contract claim in part because it mentioned contracts "without reference to the provisions violated").

Plaintiff has not requested leave to amend her complaint, and no motion for leave to amend has been filed. Moreover, plaintiff has already amended her complaint once. Accordingly, we will dismiss the breach of contract claim without granting leave to amend. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). Finally, it is unclear whether Chase Fulfillment Services was properly served. Default has not been entered, and it has not appeared. However, because the legal result would be the same as to this defendant, we also dismiss the breach of contract claim against Chase Fulfillment Services. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

**IT IS ORDERED GRANTING** the Chase defendants' motion to dismiss (doc. 36). Now that the remaining claim has been dismissed against the remaining defendants, this

1  action is at an end. The Clerk shall enter judgment.

2  DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge